IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VICTOR RANDOLPH TURNER, JR., | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-2238 |
| | § | |
| RICK THALER, | § | |
| Director, Texas Department of | § | |
| Criminal Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Victor Randolph Turner, Jr., an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a federal petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a state court conviction for felony unauthorized use of a motor vehicle. Respondent Rick Thaler filed a motion for summary judgment (Docket Entry No. 19), and Turner has filed a response (Docket Entry No. 20). After reviewing the record, the pleadings, and the applicable law, including the Anti-Terrorism and Effective Death Penalty Act's ("AEDPA") deferential standard of review, the court will grant Respondent's motion for summary judgment and deny Turner's petition.

## I. Factual Background and Procedural History

On August 23, 2004, a grand jury indicted Turner for unauthorized use of a motor vehicle. State v. Turner, No. 40,638 (268th Dist. Ct., Fort Bend County, Tex.); see Turner v. State, No. 01-05-0779-CR, Clerk's Record (CR) at 4. However, the indictment was dismissed, and, on June 20, 2005, Turner was re-indicted for the same offense enhanced by two prior felony convictions. State v. Turner, No. 40,638A (268th Dist. Ct., Fort Bend County, Tex.); CR at 21. Turner pleaded guilty, without an agreement, and was sentenced by a jury to five years imprisonment on July 13, 2005. Id. at 45-47.

Turner filed an appeal. His court appointed counsel filed an Anders[1] brief stating that the record presented no reversible error and that the appeal was frivolous. Turner filed a pro se response arguing a violation of his constitutional right not to be subjected to double jeopardy. The Court of Appeals for the First District of Texas affirmed the judgment and sentence. Turner v. State, No. 01-05-00779-CR, 2008 WL 3876076 (Tex. App.-Hous. [1st Dist.] Aug. 21, 2008, pet. ref'd). Turner then filed a Petition

---

[1] Anders v. California, 87 S.Ct. 1396, 1400 (1967).

for Discretionary Review (PDR), which the Texas Court of Criminal Appeals refused. <u>Turner v. State</u>, No. 1292-08 (Tex. Crim. App. Feb. 4, 2009). Turner did not file a state application for a writ of habeas corpus challenging his conviction for unauthorized use of a motor vehicle, although he did seek habeas relief in regard to a related conviction for evading detention with a motor vehicle. <u>State v. Turner</u>, No. 40,639A (268th Dist. Ct., Fort Bend County, Tex. July 13, 2005). The Court of Criminal Appeals dismissed the application because the direct appeal was still pending. <u>Ex parte Turner</u>, No. 71,966-01 (Tex. Crim. App. May 20, 2009). Turner filed the instant federal habeas petition on July 14, 2009. Turner's sentence for unauthorized use of a motor vehicle was discharged after he filed his federal habeas petition. He remains in TDCJ-CID custody, however, serving a concurrent ten year sentence on his conviction for evading detention with a motor vehicle. <u>Turner</u>, No. 40,639A.

## II. **Grounds for Relief**

Turner raises the following claims in his petition:

1.  The state court trial judge committed perjury.
2.  The trial judge tampered with the court records.
3.  Turner's re-indictment violated Turner's right not

-3-

>  to be subjected to double jeopardy.

> 4. The First Court of Appeals and the Court of Criminal Appeals violated Turner's Due Process Rights.

### III. Standard of Review

Turner's petition for writ of habeas corpus is subject to review under the federal habeas statutes as amended by the Antiterrorism and Effective Death Penalty Act of 1996. 28 U.S.C. § 2254; Woods v. Cockrell, 307 F.3d 353, 356 (5th Cir. 2002); Nobles v. Johnson, 127 F.3d 409, 413 (5th Cir. 1997), citing Lindh v. Murphy, 117 S. Ct. 2059, 2068 (1997). A federal habeas petitioner challenging a state court decision is not entitled to relief unless the state court judgment:

>  (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or

>  (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The 1996 AEDPA provisions "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court

convictions are given effect to the extent possible under law." Bell v. Cone, 122 S. Ct. 1843, 1849 (2002), citing Williams v. Taylor, 120 S. Ct. 1495, 1518 (2000). Habeas relief should only be granted where the state court decision is both incorrect and objectively unreasonable. Martin v. Cain, 246 F.3d 471, 476 (5th Cir. 2001), citing Williams, at 1521.

### IV. Analysis

A. Judicial Misconduct

Turner asserts judicial misconduct in his first two claims. Turner first alleges that the trial judge committed perjury by declaring that he "did not do a Plea Bargain for a Guilty Plea [sic]." Docket Entry No. 1, at 7. Turner alleges that the record reflects that he had been sentenced to two years in state jail with drug treatment. Id. In his second claim, Turner alleges that the judge tampered with the trial record, altering it to indicate that Turner entered a plea of guilty even though Turner claims that he did not plead guilty. Id.

Turner's appellate counsel noted in his Anders brief that Turner entered a plea of guilty before the trial court admitting that he had committed the offense on August 4, 2004. See Anders Brief at 2. Counsel stated that he conscientiously examined the

-5-

record and found no errors. Id. Although it is unclear whether Turner raised his two judicial misconduct claims in his pro se response to the Anders brief[2], he did present them in his pro se PDR, which was refused by the Texas Court of Criminal Appeals. See No. 01-05-00779-CR (filed Mar. 5, 2008, Tex. App.-Hous. [1st Dist.]); PDR No. 1292-08 (filed Dec. 23, 2008, Tex. Crim. App.). The First Court of Appeals agreed with Turner's attorney's conclusion that there was no merit to the appeal and affirmed the trial court's judgment. Turner, 2008 WL 3876076.

The Reporters's Record (RR) reflects that, in open court on July 12, 2005, Turner pleaded guilty to unauthorized use of a motor vehicle and true to the enhancements. Vol. 2 RR at 29-32. The Clerk's Record (CR) contains a signed copy of Defendant's Plea of Guilty or Nolo Contendere, Waiver of Statutory and Constitutional Rights, and Written Stipulation, and Confession. CR at 24-30. Turner acknowledged in open court that he had read, understood, and signed the court's admonishments, waiver and confession. Vol. 2 RR at 30-31. His sworn testimony adequately supports the validity of his written confession and guilty plea. Lott v. Hargett, 80 F.3d 161, 167-68 (5th Cir. 1996), citing

---

[2] Turner's response to the Anders brief is cryptic and resembles a proposed jury charge.

<u>Blackledge v. Allison</u>, 97 S. Ct. 1621, 1629 (1977).

Turner alleges that the trial judge committed perjury and tampered with the court's records. He specifically alludes to the judge's statement that "he did not do a Plea-Bargain for a Guilty Plea [sic]." Docket Entry No. 1 at 7. Turner apparently is referring to the colloquy between himself, his attorney, and the judge in which he tried to negotiate the terms of his punishment and had previously rejected an offer by the State. Vol. 2 RR at 1-32. Turner stated to the judge that he previously saw the judge order, with the district attorney's agreement, treatment for another defendant at a drug facility. <u>Id.</u> at 24. Turner then stated that he had made a similar request but was rebuffed. <u>Id.</u> After hearing Turner's statement, the court responded,

> I don't negotiate pleas. It's not the proper function of a court. I simply asked the State whether they were in agreement with the defendant. If the State doesn't agree, then that's the end of it. I don't negotiate, I don't get involved in the terms of plea negotiations.

<u>Id.</u>

Contrary to Turner's assertions, the judge was merely stating the law when he declared that he did not negotiate pleas. It is well settled that a trial judge cannot negotiate a plea bargain, participate in the negotiation process in any way, or even appear to participate in the process before the defendant and the

prosecutor reach an agreement. <u>United States v. Rodriguez</u>, 197 F.3d 156, 158 (5th Cir. 1999); <u>United States v. Daigle</u>, 63 F.3d 346, 348 (5th Cir. 1995). <u>See also</u> <u>Lynch v. State</u>, 2010 WL 1404200, *1 (Tex. App.-San Antonio, Apr.7, 2010), <u>citing</u> <u>Perkins v. Court of Appeals</u>, 738 S.W.2d 276, 282 (Tex. Crim. App. 1987); <u>Ex parte Shuflin</u>, 528 S.W.2d 610, 617 (Tex. Crim. App.1975); <u>see also</u> <u>Wright v. State</u>, 776 S.W.2d 763, 767 (Tex. App.-Corpus Christi, 1989); <u>Coleman v. State</u>, 756 S.W.2d 347, 349 (Tex. App.-Hous. [14th Dist.] 1988).

Turner fails to identify any part of the record that indicates that the trial judge lied, tampered with the record or committed any form of misconduct. His pleadings, including his Response (Docket Entry No. 20), provide nothing more than unsupported claims that the trial judge made false statements and failed to maintain accurate and complete records. It appears that Turner is convinced that he is the victim of a coverup regarding a plea deal. (Docket Entry No. 20 at 6). However, he does not present any evidence to support his claims. Turner's conclusory declarations regarding the trial judge's actions do not raise a constitutional issue. <u>Smallwood v. Johnson</u>, 73 F.3d 1343, 1351 (5th Cir. 1996); <u>Koch v. Puckett</u>, 907 F.2d 524, 530 (5th Cir. 1990). Therefore, his first and second claims will be dismissed.

B. <u>Double Jeopardy</u>

"The Double Jeopardy Clause of the United States Constitution prohibits a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and . . . successive punishments for the same offense." <u>North Carolina v. Pearce</u>, 89 S. Ct. 2072, 2076 (1969); <u>Doyle v. Johnson</u>, 235 F.3d 956, 958 (5th Cir. 2000). The Supreme Court has explained the purpose of the Double Jeopardy Clause.

> Although articulated in different ways by this Court, the purposes of, and the policies which animate, the Double Jeopardy Clause in this context are clear. 'The constitutional prohibition against 'double jeopardy' was designed to protect an individual from being subjected to the hazards of trial and possible conviction more than once for an alleged offense. . . . The underlying idea, one that is deeply ingrained in at least the Anglo-American system of jurisprudence, is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty.'

<u>Serfass v. United States</u>, 95 S. Ct. 1055, 1062 (1975), <u>quoting</u> <u>Green v. United States</u>, 78 S. Ct. 221, 223 (1957). The Double Jeopardy clause does not prevent further prosecution every time that a court overturns a criminal judgment, but it "precludes a

second trial once the reviewing court has found the evidence legally insufficient." Burks v. United States, 98 S. Ct. 2141, 2150-51 (1978); see also Monge v. California, 118 S. Ct. 2246, 2250 (1998) ("[W]here an appeals court overturns a conviction on the ground that the prosecution proffered insufficient evidence of guilt, that finding is comparable to an acquittal, and the Double Jeopardy Clause precludes a second trial."); Tibbs v. Florida, 102 S. Ct. 2211, 2218 (1982) (finding that Burks "carved a narrow exception from the understanding that a defendant who successfully appeals a conviction is subject to retrial").

Turner contends that his re-indictment placed him twice in jeopardy for the same crime. (Docket Entry No. 1 at 7). However, jeopardy does not attach in a criminal proceeding until the jury has been empaneled and sworn. United States v. Milhim, 702 F.2d 522, 523 -524 (5th Cir. 1983), citing Crist v. Bretz, 98 S. Ct. 2156, 2157 (1978); United States v. Futch, 637 F.2d 386, 389 (5th Cir. 1981). The subsequent indictment of Turner does not invoke the considerations that underlie double-jeopardy jurisprudence because no jury had been impaneled to consider the charge in the first indictment. See Docket Sheets, CR at 2-3 (No. 40,638), 19-20 (No. 40,638A). Turner's Double Jeopardy claim will be dismissed because there is no showing that the state court's

determination was in conflict with clearly established Supreme Court law or that it "was based on an unreasonable determination of the facts in light of the evidence." 28 U.S.C. § 2254(d).

C. <u>Denial of Due Process by State Courts of Appeals</u>

In his last claim, Turner contends that the Texas First Court of Appeals and the Texas Court of Criminal Appeals violated his due process rights by not investigating the records regarding the alleged plea bargain agreement. (Docket Entry No. 1 at 8). Turner did not raise this claim on appeal, and he did not file a state application for a writ of habeas corpus challenging the state court judgment that is the subject of this action, Turner's conviction for unauthorized use of a motor vehicle.

Respondent argues that, because Turner failed to exhaust this claim in state court, this Court cannot consider its merits. Applicants seeking habeas relief under 28 U.S.C. § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief. <u>Whitehead v. Johnson</u>, 157 F.3d 384, 387 (5th Cir. 1998). The exhaustion doctrine is grounded in concerns of federal/state comity, demanding that "[s]tate courts should have the first opportunity to make right their mistakes." <u>Deters v. Collins</u>, 985 F.2d 789, 794 (5th Cir. 1993). The

exhaustion doctrine has been codified in § 2254 and provides that habeas relief shall not be granted on unexhausted claims. See 28 U.S.C. § 2254(b)(1). Turner failed to present the substance of this claim to the highest Texas court.

When an applicant presents a habeas petition with both exhausted and unexhausted claims, the entire petition is considered to be a "mixed" petition, which should be dismissed without prejudice so the petitioner can exhaust all of his claims before going to the federal courts. Alexander v. Johnson, 163 F.3d 906, 908 (5th Cir. 1998), citing Rose v. Lundy, 102 S. Ct. 1198 (1982). However, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2). Regardless of whether Turner has adequately exhausted his due process claims, he fails to raise a cognizable habeas corpus claim. Federal habeas relief exists only for claims "on the ground that [a petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Turner's denial of due process claim is based on the premise that the First Court of Appeals and Court of Criminal Appeals

violated his rights "[b]y not investigating the information and Evidence of the Records and Ground for agreement by the Applicant. Turning a blind eye to what the 268th court Room did to the Applicant's Records. [sic]" (Docket Entry No. 1 at 8). The First Court of Appeals considered Turner's pro se brief and found it to be frivolous and meritless with no reversible error. Turner, 2008 WL 3876076, *1 citing Bledsoe v. State, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). Moreover, the appellate record appears to be complete and this court has determined that there was no double jeopardy violation. The record also reveals that Turner's guilty plea was knowing and voluntary and that he had been informed of the consequences of his plea. Turner has provided no evidence to show that he was coerced or tricked into entering his plea or that he was otherwise denied due process. See Lott v. Hargett, 80 F.3d 161, 167-68 (5th Cir. 1996), citing Blackledge v. Allison, 97 S. Ct. 1621, 1629 (1977). In light of the record, this court can find no support for Turner's bald assertions that the Texas Courts of Appeals denied him due process on appeal. See Ross v. Estelle, 694 F.2d 1008 (5th Cir. 1983). Therefore, his final habeas claim shall be dismissed with prejudice.

The court concludes that the petition for writ of habeas

corpus filed in this action should be dismissed because Turner has failed to demonstrate that he is entitled to federal habeas relief. See <u>Baldree v. Johnson</u>, 99 F.3d 659, 661 (5th Cir. 1996).

### V. <u>Turner's Motions</u>

Turner has filed four motions. In his first motion (Docket Entry No. 10), Turner contends that an evidentiary hearing is required because there is no habeas record. Contrary to Turner's assertion, a copy of the state court records has been forwarded to this court. The motion will be denied because no hearing is necessary. The court will also deny Turner's motion to compel production of records (Docket Entry No. 26) because no further records are necessary to resolve the issues in this proceeding. See <u>Bracy v. Gramley</u>, 117 S.Ct. 1793, 1796-97 (1997).

Turner's motion in which he seeks to "Quash the Sentences and Illegal Reindictments" (Docket Entry No. 15) will be denied because this court has found that his habeas petition is meritless. Turner's motion in which he asks that the court "grant all requests" (Docket Entry No. 25 at 4) will also be denied.

## VI. Certificate of Appealability

Under 28 U.S.C. § 2253, Turner needs to obtain a Certificate of Appealability before he can appeal this Memorandum and Order dismissing his petition. To obtain a Certificate of Appealability, Turner must make a substantial showing of the denial of a constitutional right. Williams v. Puckett, 283 F.3d 272, 276 (5th Cir. 2002). To make such a showing, Turner must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further. Lucas v. Johnson, 132 F.3d 1069, 1073 (5th Cir. 1998). For the reasons stated in this Memorandum Opinion and Order, Turner has not made a substantial showing of the denial of a constitutional right. Newby v. Johnson, 81 F.3d 567, 569 (5th Cir. 1996). The Court **DENIES** the issuance of a Certificate of Appealability in this action.

## VII. Conclusion and Order

The Court **ORDERS** the following:

1. Respondent's Motion for Summary Judgment (Docket Entry No. 19) is **GRANTED**.

2. This Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DISMISSED**, with prejudice.

3. All other motions (Docket Entry Nos. 10, 15, 25, and 26) are **DENIED**.

4. A Certificate of Appealability is **DENIED**.

**SIGNED** at Houston, Texas, on this 16th day of July, 2010.

SIM LAKE
UNITED STATES DISTRICT JUDGE